## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff/Respondent,** | |
| **v.** | **Case No. 15-20008-01-JAR** |
| | **Case No. 16-2562-JAR** |
| **ANA CLAUDIA RODRIGUEZ-RODRIGUEZ,** | |
| **Defendant/Petitioner.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Ana Claudia Rodriguez-Rodriguez's Motion

for Minor Role Adjustment and Sentence Reduction pursuant to 28 U.S.C. § 2255 and

Amendment 794 of the United States Sentencing Commission Guidelines Manual (Doc. 199).

The Government has responded and moves the Court to enforce the plea waiver and dismiss

Petitioner's motion (Doc. 211).  For the reasons explained in detail below, the Court grants the

Government's motion.

## I.      Procedural and Factual Background

On January 21, 2015, Petitioner was charged by complaint with conspiracy to distribute

and possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 and 18 U.S.C. § 2.[1]  On February 18, 2015, the grand

jury returned an indictment, charging Petitioner with the same crime.[2]

---

[1]Doc. 1.

[2]Doc. 4.

On May 26, 2015, Petitioner plead guilty to Count One of the Indictment.[3]  As set forth in

the plea agreement, Petitioner agreed to waive her right to appeal or collateral attack:

> **Waiver of Appeal or Collateral Attack.**  The defendant knowingly and
> voluntarily waives any right to appeal or collaterally attack any matter in
> connection with this prosecution, her conviction, or the components of the
> sentence to be imposed herein, including the length and conditions of supervised
> release, as well as any sentence imposed upon a revocation of supervised release.
> The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the
> conviction and sentence imposed.  The defendant also waives any right to
> challenge her sentence, or the manner in which it was determined, or otherwise
> attempt to modify or change her sentence, in any collateral attack, including, but
> not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by
> *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion
> brought under Federal Rule of Civil Procedure 60(b).  In other words, the
> defendant waives the right to appeal the sentence imposed in this case, except to
> the extent, if any, the Court departs upwards from the sentencing Guideline range
> that the Court determines to be applicable. . . Notwithstanding the forgoing
> waivers, the parties understand that the defendant in no way waives any
> subsequent claims with regards to ineffective assistance of counsel or
> prosecutorial misconduct.[4]

In anticipation of sentencing, the United States Probation Office prepared a Presentence

Investigation Report ("PSR"), in which Petitioner was assessed with a base offense level of 38

under U.S.S.G. § 2D1.1.[5]  Petitioner received a two-level reduction for meeting the "Safety

Valve" criteria set forth in § 5C1.2(a)(1)–(5), a two-level enhancement for obstruction of justice

under § 3C1.1, and a three-level reduction under § 3E1.1 for acceptance of responsibility.

Petitioner's total offense level was 35 with a criminal history category I, with a resulting

Guidelines range of 168 to 210 months.  Neither party objected to the PSR.

In advance of the sentencing hearing, the Government filed a Motion Regarding

Sentencing, in which it requested a downward departure of nine levels from the applicable

---

[3]Docs. 66, 67.

[4]Doc. 67 at 8–9.

[5]Doc. 127 at ¶¶ 50, 51.

Guidelines range and recommended a sentence of 63 months' imprisonment.[6] At the sentencing hearing on May 23, 2016, the Court sentenced Petitioner to 63 months' imprisonment.[7]

Petitioner did not file a direct appeal.  This timely § 2255 motion followed.

## II.   Discussion

### A.  Waiver of Collateral Challenges

Petitioner claims that the Court should reduce her sentence under Amendment 794 to the Sentencing Guidelines, which became effective November 1, 2015.  The Government argues that the waiver of collateral challenges in the plea agreement bars Petitioner's claim.

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable.[8]  The court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived her rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.[9]

To determine whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement.[10]  The court construes the plea agreement according to contract principles and based on what the defendant reasonably understood when she entered the plea.[11]  The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.[12]  In this case, because Petitioner's claim

---

[6]Doc. 188.

[7]Doc. 191.

[8]*United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003); *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).

[9]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

[10]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328.

[11]*United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004).

[12]*Hahn*, 359 F.3d at 1343.

that the Court did not correctly calculate her Guidelines range does not allege ineffective assistance of counsel or prosecutorial misconduct, it falls within the scope of the broad waiver in the plea agreement.

To ascertain whether Petitioner knowingly and voluntarily waived her rights, the Court evaluates the language of the plea agreement and the plea colloquy.[13]  This Court conducted a thorough inquiry at the plea hearing.  At that time, Petitioner affirmed that she understood the charge against her, the mandatory minimum sentence of ten years, the maximum prison term of life in prison, the rights that she was waiving, and the factual basis of her plea.  Petitioner acknowledged that she understood the waiver of appeal and collateral challenges, that her plea was freely and voluntarily given, that no one had forced or threatened her to enter the plea and that she was entering the plea because she was in fact guilty as charged.  Nothing in the record suggests that Petitioner's plea or waiver of post-conviction rights was unknowing or involuntary. Accordingly, the language of the plea agreement and the Rule 11 colloquy established that Petitioner's waiver of her rights was knowing and voluntary.

The Court must also "determine whether enforcing the waiver will result in a miscarriage of justice."[14]  This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness,

---

[13]*Id.* at 1325.

[14]*Id.* at 1327.

integrity or public reputation of judicial proceedings.[15]  Petitioner bears the burden of demonstrating that the waiver results in a miscarriage of justice.[16]

The Court finds enforcement of the waiver does not implicate any of the four factors listed above.  In particular, Petitioner received a sentence of 63 months in prison, which is 105 months below the minimum of the applicable Guidelines range and well below the statutory mandatory minimum of ten years in prison.[17]  Enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity, or public reputation of judicial proceedings, as the basis for reducing Petitioner's sentence, Amendment 794, was in effect at the time she was sentenced and does not have the effect of reducing her applicable Guidelines range. Thus, the Court finds that enforcing the waiver as to Petitioner's claim will not result in a miscarriage of justice.

**B.  Substantive Merit of Petitioner's Claim**

Petitioner's claim also lacks substantive merit.  She argues that the Court erred in refusing to reduce her offense level as a minor or minimal participant in light of Amendment 794's clarification to U.S.S.G. § 3B1.2.  The amendment provides additional guidance to district courts in determining when a mitigating role adjustment applies under § 3B1.2.[18]  Specifically, Amendment 794 added commentary to that Guideline as follows:

> **Fact-Based Determination—**The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.

---

[15]*Id.*

[16]*Anderson*, 374 F.3d at 959.

[17]*See United States v. Green*, 405 F.3d 1180, 1193–94 (10th Cir. 2005).

[18]*See* Amendment 794, Supp. to App. C (Nov. 1, 2015).

In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

(i)     the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts of the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)     the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative.  Such a defendant may receive an adjustment under this if he or she is substantially less culpable than the average participant in the criminal activity.[19]

Because the Court sentenced Petitioner in May 2016, after the effective date of

Amendment 794, Petitioner cannot show that she is entitled to "retroactive" relief under the

amendment or reconsideration of the Court's prior ruling.[20]   Nor has Petitioner shown that the

Court erred in not applying § 3B1.2, or even explained why she had a minimal role in the

offense.  Petitioner does not assert that counsel provided ineffective assistance.  As noted above,

---

[19]U.S.S.G. § 3B1.2, cmt. 3(C).

[20]The United States Sentencing Commission has not specifically designated Amendment 794 for retroactive application and thus, the Court has no authority to apply the amendment to Petitioner's case under 18 U.S.C. § 3582(c)(2), which permits the court to reduce a sentence where consistent with policy statements of the Commission. *See* U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(c), reduction not consistent with policy statement).  Because the Court applied a version of the Guidelines that already included Amendment 794, Petitioner is not entitled to relief.

the Court imposed a non-Guidelines sentence that was 105 months below the minimum of the Guideline range.

### *Certificate of Appealability*

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[21]   A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[22]   A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[23]   "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[24]   For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing her § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Enforce the Plea Waiver (Doc. 211) is GRANTED; Petitioner Ana Claudia Rodriguez-Rodriguez's Motion for Minor Role Adjustment and Sentence Reduction pursuant to 28 U.S.C. § 2255 and Amendment 794 of the United States Sentencing Commission Guidelines Manual (Doc. 199) is DISMISSED.  Petitioner is also denied a COA.

---

[21]28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[22]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[23]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[24]*Id.* at 336; s*ee also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

**IT IS SO ORDERED.**

Dated: March 13, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE