**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

   **v.**           **Case No. 15-20008-01-JAR**

**ANA CLAUDIA RODRIGUEZ-RODRIGUEZ,**

   **Defendant.**

**MEMORANDUM AND ORDER**

   This matter comes before the Court on Petitioner Ana Claudia Rodriguez-Rodriguez's *pro se* Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 (Doc. 239). Having carefully reviewed the record and the arguments presented, the Court dismisses Petitioner's motion as an unauthorized second or successive § 2255 motion.

**I.**  **Factual and Procedural History**

   On January 21, 2015, Petitioner was charged by complaint with conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 and 18 U.S.C. § 2.[1] On February 18, 2015, the grand jury returned an indictment, charging Petitioner with the same crime.[2] On May 26, 2015, Petitioner plead guilty to Count One of the Indictment.[3] As set forth in the plea agreement, Petitioner agreed to waive her right to appeal or collateral attack.[4]

---

[1]Doc. 1.

[2]Doc. 4.

[3]Docs. 66, 67.

[4]Doc. 67 at 8–9.

In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), in which Petitioner was assessed with a base offense level of 38 under U.S.S.G. § 2D1.1.[5]  Petitioner received a two-level reduction for meeting the "Safety Valve" criteria set forth in § 5C1.2(a)(1)–(5), a two-level enhancement for obstruction of justice under § 3C1.1, and a three-level reduction under § 3E1.1 for acceptance of responsibility. Petitioner's total offense level was 35 with a criminal history category I, resulting in a Guidelines range of 168 to 210 months.  Neither party objected to the PSR.

In advance of the sentencing hearing, the Government filed a Motion Regarding Sentencing, in which it requested a downward departure of nine levels from the applicable Guidelines range and recommended a sentence of 63 months' imprisonment.[6]  At the sentencing hearing on May 23, 2016, the Court sentenced Petitioner to 63 months' imprisonment.[7] Petitioner did not file a direct appeal.

On August 22, 2016, Petitioner filed a *pro se* motion to vacate her sentence under 28 U.S.C. § 2255.[8]  The Court granted the government's Motion to Enforce the Appeal Waiver and dismissed Petitioner's Motion for Minor Role Reduction.[9]  Petitioner did not appeal.

In August 2019, this Court made extensive findings in *United States v. Carter*, which involved a broad challenge to the government's possession of video recordings of attorney visitation rooms at the CCA detention facility in Leavenworth, and its possession and distribution of audio recordings of telephone calls between several detainees and their counsel

---

[5]Doc. 127 at ¶¶ 50, 51.

[6]Doc. 188.

[7]Doc. 191.

[8]Doc. 199.

[9]Doc. 237.

("the *Black* investigation").[10]  As part of the *Black* investigation, the Federal Public Defender ("FPD") was appointed under Standing Order No. 18-3 "to represent any defendant from the District of Kansas who may have a post-judgment Sixth Amendment claim based on the recording of in-person attorney-client meetings or attorney-client phone calls by any holding facility housing federal detainees within this District."  The FPD has declined to file a § 2255 on Petitioner's behalf.

Petitioner subsequently filed the present *pro se* § 2255 motion asserting that the government violated her Sixth Amendment right to counsel free from government interference when it recorded meetings between herself and counsel while she was detained at CCA in 2016.[11]

## II.    Standard

Section 2255 entitles a federal prisoner to relief if the court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[12]

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.[13] Because Petitioner's second or successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of

---

[10]No. 16-20032-JAR, 2019 WL 3798142, *passim* (D. Kan. Aug. 13, 2019).

[11]Doc. 239 at 11.

[12]28 U.S.C. § 2255(b).

[13]*See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[14]  The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[15]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[16]  First, a prisoner who wishes to file a successive § 2255 motion has the burden of showing either: (1) "newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[17]  Second, in a successive § 2255 motion, the one-year statute of limitations begins running from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.[18]  Finally, factors considered in deciding whether a transfer "is in the interests of justice" include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[19]

---

[14]*See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[15]*Id.*

[16]*Id.* at 1252–53.

[17]28 U.S.C. § 2255(h).

[18]28 U.S.C. § 2255(f).

[19]*In re Cline*, 531 F.3d at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

### III.    Discussion

Because Petitioner's present claim does not satisfy the authorization standards under § 2255(h), the Court dismisses the motion rather than transferring it to the Tenth Circuit. Petitioner does not assert new evidence within the meaning of § 2255(h) or that the Supreme Court has made retroactive a new rule of constitutional law.  Although this Court's order in *Carter* suggests that Petitioner may have a factual basis for her claim, she cannot overcome the procedural hurdle to receive authorization to file a second § 2255 motion because she has not shown newly discovered evidence that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [her] guilty of the offense."[20]  In her motion, Petitioner claims the government violated her rights by improperly recording meetings between her and her attorney, which was newly discovered as part of the *Black* investigation.  While Petitioner might present "new evidence" that may support her legal Sixth Amendment challenge, it does not show her factual innocence of the underlying offense.[21]  Accordingly, the Court dismisses her claim for lack of jurisdiction.

Under 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a

---

[20]28 U.S.C. § 2255(h)(2).

[21]*See United States v. Read-Forbes*, No. 12-20099-KHV, 2019 WL 6218018, at *3 (D. Kan. Nov. 21, 2019) (dismissing as unauthorized successive section 2255 motion asserting similar Sixth Amendment claim stemming from *Carter* decision; new evidence not evidence of "actual factual innocence") (citing *United States v. Maravilla*, 566 F. App'x 704, 707–08 (10th Cir. 2014) (explaining § 2255(h)(1) requires new evidence of "actual factual innocence," not merely "legal innocence")), *cert. of appealability denied*, ---F. App'x---, 2020 WL 2111946, at *2 (10th Cir. May 4, 2020).

constitutional right.[22]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[23]  For the reasons stated above, the Court finds that Petitioner has not satisfied this standard, and therefore a certificate of appealability is not warranted in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Claudia Ana Rodriguez-Rodriguez's Motion to Vacate, Correct, or Set Aside her conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. 239) is **dismissed** as an unauthorized second or successive motion.  Petitioner is also denied a certificate of appealability.

**IT IS SO ORDERED.**

Dated: June 4, 2020

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[22]28 U.S.C. § 2253(c)(2).

[23]*Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).